UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-60-MOC-SCR

| CLARENCE DELANO BELTON, JR., | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| CITY OF CHARLOTTE, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Gray Media Group, Inc.'s Motion to Intervene and Unseal," (Doc. No. 47), in which Plaintiff joined. (Doc. No. 48). For the following reasons, the motion will be denied.

**I. RELEVANT PROCEDURAL BACKGROUND**

**A. Proceedings Prior to the Court's Summary Judgment Order**

The parties are well-versed in the facts of this case. To summarize, this lawsuit arises out of the shooting by one police officer, Defendant Heather Loveridge, of another police officer, Plaintiff Clarence Belton, while the officers were attempting to execute a search warrant on a known violent criminal in Charlotte, North Carolina. Plaintiff filed this action on December 20, 2021, in the North Carolina General Court of Justice, Mecklenburg County Superior Court, naming as Defendants Officer Loveridge and the City of Charlotte (the "City"). (Doc. No. 1-1). Plaintiff then filed an Amended Complaint on January 18, 2022. (Id.). Defendants removed the action to this Court on February 11, 2022. (Doc. No. 1). Plaintiff brings the following claims: (1)

excessive use of force in violation of the Fourth Amendment to the U.S. Constitution against Loveridge (First Cause of Action); (2) negligence against Loveridge and the City (Second Cause of Action); (3) assault and battery against Loveridge (Third Cause of Action); and (4) negligent infliction of emotional distress against Loveridge and the City (Fourth Cause of Action).

The Court entered a Pretrial Order and Case Management Plan in this matter on April 13, 2022, (Doc. No. 10) setting the dispositive motion deadline as March 2, 2023. Thereafter, the parties conducted discovery, and Defendant Loveridge timely filed Defendant's Motion for Summary Judgment and Memorandum of Law in Support thereof on March 2, 2023. (Doc. Nos. 21, 22). Plaintiff filed a Response in Opposition (Doc. No. 26), and Defendant filed a Reply Brief on April 6, 2023. (Doc. No. 31). Thereafter, the Court held oral argument on Defendant's Motion for Summary Judgment on June 22, 2023. On September 26, 2023, the Court denied Defendant's Motion for Summary Judgment. (Doc. No. 36).

### B. Defendant Loveridge's Appeal to the Fourth Circuit

Defendant Loveridge filed a Notice of Appeal on October 4, 2023, (Doc. No. 37), and this case was transferred to the Fourth Circuit Court of Appeals on October 5, 2023. (Doc. No. 37). Defendant's appeal was docketed as Case Number 23-2046. On February 26, 2024, Defendant's Opening Brief and the Joint Appendix were filed with the Fourth Circuit Court of Appeals. Volumes II and III of the Joint Appendix were filed under seal because each of these volumes contain documents and/or media that were filed under seal in this Court in support of Defendant's Motion for Summary Judgment or filed by Plaintiff under seal with Plaintiff's Response in Opposition. The documents and media that were filed under seal during the summary judgment phase of this case are subject to a Consent Protective Order entered by this Court. (Doc. No. 14).

**C. Gray Media's Motion to Intervene and Unseal**

On February 9, 2024—more than eleven months after Defendant Loveridge filed her Motion for Summary Judgment and more than four months after Defendant Loveridge appealed this Court's denial of Summary Judgment to the Fourth Circuit Court of Appeals—Gray Media Group, Inc., d/b/a WBTV ("WBTV") filed a Motion to Intervene and Unseal in this Court along with its Memorandum of Law in Support. (Doc. Nos. 47, 47-1). Plaintiff joined in WBTV's Motion to Intervene and Unseal. (Doc. No. 48). Pursuant to Federal Rule of Civil Procedure 24(b) and Local Civil Rules 6.1(e), and 7.1, WBTV and Plaintiff seek to intervene in this case for the purpose of having video exhibits that were submitted under seal to this Court by Plaintiff and Defendant Loveridge in connection with Defendant's Summary Judgment Motion unsealed and made public.

In neither its Motion to Intervene nor its Memorandum of Law (Doc. Nos. 47, 47-1) does WBTV identify by docket entry or ECF number the "video exhibits" it seeks to unseal. It appears that WBTV seeks to unseal:

1. Doc. No. 21-10 (referred to by WBTV as Exhibit 7 to Defendant's Motion for Summary Judgment). See (Doc. No. 47-1, p. 3). This exhibit is a CPI home security video the SBI provided to Plaintiff's counsel pursuant to the Mecklenburg County Superior Court Consent Protective Order. See (Defendant's Ex. 1).

2. Doc. No. 21-11 (referred to by WBTV as Exhibit 8 to Defendant's Motion for Summary Judgment). See (Doc. No. 47-1, p. 3). This exhibit is CPI home security video which was provided by the SBI to Plaintiff's counsel pursuant to the Mecklenburg County Superior Court Consent Protective Order. See (Defendant's Exhibit 1).

3. Doc. No. 26-3 (referred to by WBTV as Exhibit 3 to Plaintiff's Response in Opposition). See (Doc. No. 47-1, p. 4).

4. Doc. No. 26-5 (referred to by WBTV as Exhibit 4 of Plaintiff's Response in Opposition. Id.

Each of the videos listed above that WBTV and Plaintiff seek to unseal and publicize has been filed with the Fourth Circuit Court of Appeals in sealed Joint Appendices (volume numbers II and III). See (Defendant's Exhibit 2, Fourth Circuit Court of Appeals Certificate of Confidentiality and Defendant's Exhibit 3, Fourth Circuit's Order placing appendix volume numbers II and III under seal in Defendant Loveridge's appeal of this case). Moreover, as detailed herein, each of these video exhibits is integral to the issues on appeal before the Fourth Circuit.

## II. STANDARD OF REVIEW

Whether to grant a motion to intervene is within the sound discretion of the trial court. Black v. Cent. Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir. 1974). The decision turns on whether the movant is entitled to intervene under any of the provisions in Rule 24 of the Federal Rules of Civil Procedure. See, e.g., N. Carolina State Conf. of NAACP v. Berger, 999 F.3d 915, 932 (4th Cir. 2021). Further, a district court's ruling on a motion to intervene is reviewed for an abuse of discretion. Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013); accord In re Sierra Club, 945 F.2d 776, 779 (4th Cir. 1991). The discretion of the district court in ruling on a motion to intervene under Rule 24(b) is "even broader" than that under Rule 24(a)(2), and "a challenge to the court's discretionary decision to deny leave to intervene must demonstrate a clear abuse of discretion in denying the motion." N. Carolina State Conf. of NAACP, 999 F.3d at 938 (citations omitted).

**A. Defendant Loveridge's Appeal to the Fourth Circuit Court of Appeals Deprives this Court of Jurisdiction to Address WBTV's Motion to Intervene and Unseal.**

As a threshold matter that is dispositive of WBTV's Motion, this Court lacks jurisdiction to consider WBTV's Motion to Intervene and Unseal. Over forty years ago, the Supreme Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Moreover, the Fourth Circuit Court of Appeals also has repeatedly held "that an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion." See Fed. Trade Comm'n v. Lin, 66 F.4th 164, 166 (4th Cir. 2023) (quoting Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014)). As explained by the Fourth Circuit in Fed. Trade Comm'n, "in Public Citizen we specifically addressed the relationship between a notice of appeal and a motion to intervene. We concluded that there was 'no reason why an intervention motion should be excepted from the general rule depriving the district court of authority to rule on matters once the case is before the court of appeals.' Thus, we held 'that an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion.'" (internal citations omitted). Fed. Trade Comm'n, 66 F.4th at 166; accord Cawthorn v. Amalfi, 35 F.4th 245, 254 (4th Cir. 2022); Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 14 F.4th 322, 326 (4th Cir. 2021). Additionally, all other courts of appeal that have considered the issue agree. See, e.g., Taylor v. KeyCorp, 680 F.3d 609, 617 (6th Cir. 2012); Drywall Tapers & Pointers of Greater New York, Local Union 1974 of I.U.P.A.T. v. Nastasi & Assocs. Inc., 488 F.3d 88, 94–95 (2d Cir. 2007); Roe v. Town of Highland, 909 F.2d 1097, 1100 (7th Cir. 1990); Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 (5th Cir. 1984). The video exhibits that WBTV and

Plaintiff seek to unseal and publicize contain evidence critical to the Fourth Circuit's review and decision regarding Defendant Loveridge's appeal in that they visually depict the incident that is at the center of this litigation. See (Doc. Nos. 21-10, 21-11, 26-3, and 26-5). Moreover, these video exhibits bear directly on several issues identified by Defendant Loveridge in her Fourth Circuit appeal, such as whether Officer Loveridge's mistaken shooting violated the Fourth Amendment, and whether Officer Loveridge is entitled to qualified immunity.

Under well-settled Fourth Circuit law, Defendant Loveridge's effective notice of appeal has divested this Court of jurisdiction to entertain WBTV's intervention motion. See Fed. Trade Comm'n, 66 F.4th at 166; Doe, 749 F.3d at 258. Consequently, WBTV's Motion to Intervene and Unseal is denied.

The Court finds that, alternatively, even if this court had jurisdiction to address WBTV's motion, there is no common law or First Amendment right of access to the video exhibits. Moreover, unsealing the video exhibits would impede defendant Loveridge's ability to receive a fair trial before an impartial jury. The First Amendment and common law provide only "a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe, 749 F.3d at 265. Here, Defendant Loveridge's right to a fair trial before an impartial jury requires the video exhibits to remain sealed. As the Doe court stated, "[t]he interests that courts have found sufficiently compelling to justify closure under the First Amendment include a defendant's right to a fair trial before an impartial jury." Id. at 269. Here, Defendant Loveridge's right to a fair trial is a compelling interest that outweighs WBTV's and Plaintiff's common law and First Amendment interests in unsealing the video exhibits. See, e.g., Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988) (noting that the right of

access may be abrogated under unusual circumstances). Thus, the motion will be denied for this additional reason.

Finally, WBTV and Plaintiff argue that "there is a public interest in access to the video exhibits in this case," and that there is a "significant public interest" in the video exhibits. See (Doc. No. 47-1, pp. 2–6, 9). However, pretrial publicity is not, in and of itself, a reason to allow access. See In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 294 (4th Cir. 2013) ("The mere fact that a case is high profile in nature does not necessarily justify public access."). The shooting incident occurred in November 2019, this lawsuit was filed in 2022, and that the last media coverage referenced by WBTV of this incident occurred in October 2020. See (Doc. No. 47-1, pp. 2–3). WBTV has not shown why, at this late date, there would be such a monumental public interest in the video exhibits.

Based on the foregoing, the Court finds that it lacks jurisdiction to entertain WBTV's Motion to Intervene. Alternatively, even if the Court possesses jurisdiction to address the Motion to Intervene, Defendant Loveridge has established a compelling reason that outweighs any right of public access to the video exhibits. Thus, the Court will deny the Motion to Intervene.

**IT IS SO ORDERED**.

Signed: September 4, 2024

Max O. Cogburn Jr
United States District Judge