UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
WDNC Civil Action No. 3:22-cv-60-MOC-SCR

CLARENCE DELANO BELTON, JR.,    )
    )
Plaintiff,    )
    )    **DEFENDANT LOVERIDGE'S NOTICE**
v.    )    **OF SUPPLEMENTAL AUTHORITY**
    )    **PURSUANT TO L.R.CIV. 7.1(j)**
CITY OF CHARLOTTE, and HEATHER    )
LOVERIDGE, individually and officially,    )
    )
Defendants.    )

Pursuant to L.R.Civ. 7.1(j), Defendant Heather Loveridge, by and through undersigned counsel, respectfully submits supplemental authority recently decided by the U.S. Supreme Court.

The United States Court of Appeals for the Fourth Circuit remanded this case with instructions that this Court decide: (1) whether Defendant Loveridge violated Task Force Officer Belton's Fourth Amendment right to be free from excessive force, and (2) if so, whether that right was clearly established. Thereafter, this Court ordered the parties to "submit briefing, asserting their positions on the 'clearly established law' at the time of the shooting in this matter, and how it affects the Court's qualified immunity analysis." [Doc. 63]. These are legal questions for the Court, and Defendant Loveridge respectfully submits this supplemental authority as required by L.R.Civ. 7.1(j) because it constitutes pertinent and significant authority which has a bearing on this Honorable Court's further consideration of this case.[1]

Defendant Loveridge respectfully submits *Zorn v. Linton*, No. 25-297, 2026 LX 187770, 2026 U.S. LEXIS 1471 (Mar. 23, 2026), as supplemental authority to her previous briefing cited

---

[1] In accordance with L.R.Civ. 7.1(j), Defendant Loveridge notes that this supplemental authority pertains to: (1) Section V.B. of Defendant's Memorandum of Law in Support of Summary Judgment [Doc 21-1], pp. 17-18; (2) Section III.E. of Defendant's Reply Brief [Doc. 31], p. 10; and (3) Section II.B, pp. 4-6, and Section IV, pages 8-25, of Defendant's Supplemental Brief [Doc. 65].

in footnote 1 herein. In this recent U.S. Supreme Court case, the Court held that "[b]ecause the Second Circuit failed to identify a case where an officer taking similar actions in similar circumstances 'was held to have violated' the Constitution, *Emmons*, 586 U. S., at 43, 139 S. Ct. 500, 202 L. Ed. 2d 455 (internal quotation marks omitted), [Officer] Zorn was entitled to qualified immunity." *Id.,* at *6. The Court granted Officer Zorn's petition for writ of certiorari and reversed the judgment of the Second Circuit. *Id.*

The Court reasoned that:

The relevant precedent must define the right with a 'high degree of specificity,' so that 'every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.' *District of Columbia* v. *Wesby*, 583 U. S. 48, 63, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018) (internal quotation marks omitted). Principles stated generally, such as that 'an officer may not use unreasonable and excessive force,' do not suffice. *Kisela* v. *Hughes*, 584 U. S. 100, 105, 138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018) (*per curiam*).

*Id.,* at *4.

The Court also stated that "[i]n short, officers receive qualified immunity unless they could have 'read' the relevant precedent beforehand and 'know[ n]' that it proscribed their specific conduct." (*citing City and County of San Francisco v. Sheehan*, 575 U. S. 600, 616, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015)). *Zorn, supra,* at *4.

Respectfully submitted, this the 1st day of April, 2026.

CRANFILL SUMNER LLP

BY: /s/ Stephanie H. Webster
Stephanie H. Webster, NC Bar #12164
*Attorney for Defendant Heather Loveridge, individual capacity*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
swebster@cshlaw.com

4928-7360-1693, v. 1

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANT LOVERIDGE'S NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO L.R.CIV. 7.1(j)** with the Clerk of Court using the CM/ECF system which will send electronic notification of the filing to the following:

Amanda A. Mingo
Kathleen Clary
Rawls, Scheer, Clary and Mingo, PLLC
1011 E. Morehead Street, Suite 300
Charlotte, NC 28204
amingo@rscmlaw.com
kclary@rsfmlaw.com
*Attorneys for Plaintiff*

Taylor Imperiale
Office of City Attorney
600 East 4th Street
Charlotte, North Carolina 28202
Taylor.Imperiale@charlottenc.gov
*Attorney for Defendant City of Charlotte*

This the 1st day of April, 2026.

CRANFILL SUMNER LLP

/s/ Stephanie H. Webster
Stephanie H. Webster, NC Bar #12164
*Attorneys for Defendant Heather Loveridge*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
swebster@cshlaw.com

3

4928-7360-1693, v. 1